UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| APEX ENERGY GROUP, LLC, et al., | Case No: 1:12-cv-466 |
| Plaintiffs, | Judge Michael R. Barrett |
| v. | |
| APEX ENERGY SOLUTIONS OF CINCINNATI LLC, et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendants Apex Energy Solutions of Cincinnati, LLC, Apex Development, Inc., and Shawn McCain's Motion to Dismiss All Claims for Mootness filed on October 10, 2012 (Doc. 40). No response in opposition has been filed. This matter is now ripe for review.

### I.    BACKGROUND

As the Court is well-advised of the facts of this case, and has previously set forth many of the facts in its order granting the Preliminary Injunction (Doc. 25), it will provide only a brief recitation of the most relevant facts here.

The parties previously were in business together, have separated, and now are bound by an Amended and Restated Agreement of Reorganization (the "Agreement") (Doc. 22, pp. 6, 51; Plaintiffs' Exhibit 3 to the July 19-20, 2012 Hearing ("Pls. Hearing Ex.")), which is the Agreement at issue in this lawsuit. The Agreement provides, among other things, for a detailed system for developing business in new markets to the exclusion of the other party. (Pls. Ex. 3, pp. 2-3). One of the requirements in the Agreement is a "4 Month Notice." (Pls. Hearing Ex. 3, pp. 2-3). The 4 Month Notice is

1

a notice that is to be provided "[w]ithin five days after the 4 Month Date" on which the new market was designated by the party. (Pls. Hearing Ex. 3, p. 3). The 4 Month Notice is to be provided by certified mail to the principal address of the other party. (Pls. Hearing Ex. 3, p. 3). The date of the 4 Month Notice is to be "deemed the date of receipt by the Other Party, as evidenced by the delivery receipt." (Pls. Hearing Ex. 3, p. 3). If a 4 Month Notice is not delivered within five days after the 4 Month date, it "shall be deemed a failure by the Developing Party to satisfy" the conditions for the designated market, and that market can then be developed by the other party. (Pls. Hearing Ex. 3, p. 3). The party that failed to send the 4 Month Notice timely may not provide a Development Notice for that market for a period of 12 months after the 4 Month Date. (Pls. Hearing Ex. 3, p. 3).

On November 15, 2011, Defendants notified Plaintiffs that they were designating the Phoenix and Houston markets as New Markets for the Agreement, with the 4 Month Notice being due five days after March 15, 2011. (Pls. Hearing Ex. 4). That same notice was provided by the Defendants to Plaintiffs for the Atlanta market on December 5, 2011, with the 4 Month Notice being due five days after April 5, 2011. (Pls. Hearing Ex. 5). Thereafter, the 4 Month Date for all three markets passed without Plaintiffs receiving the requisite 4 Month Notices by certified mail or otherwise. (Doc. 21, pp. 15, 17-18; Doc. 22, pp. 12-13, 39; Pls. Hearing Ex. 1). On May 7, 2012, Plaintiffs notified Defendants of their understanding that Defendants had failed to timely provide 4 Month Notices in accordance with the Agreements. (Pls. Hearing Ex. 6). On May 29, 2012, counsel for Defendants responded to Plaintiffs and attached correspondence purported to have been sent on March 16, 2012 in satisfaction of the Agreement. (Pls. Hearing

Ex. 2). That correspondence was not on letterhead and it did not indicate that it had been sent by certified mail. (*See* Pls. Hearing Ex. 2). Defendants have not set forth any evidence indicating it was sent by certified mail. (*See* Doc. 22, p. 61; *see also* 52).

## II.    **STANDARD OF REVIEW**

Defendants argue that Plaintiffs' claims should be dismissed based on mootness. The doctrine of mootness restricts a party's capacity to bring a lawsuit throughout the course of the litigation." *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 460 (6th Cir. 2007) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-97, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980)). It is an issue that raises a question of subject matter jurisdiction, and it is properly analyzed under Federal Rule of Civil Procedure 12(b)(1). *League of Women Voters v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008) (explaining that mootness implicates Article III's "case or controversy" requirement and is a jurisdictional requirement).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) "can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence" to determine whether jurisdiction exists. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In deciding a challenge to the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts*."* *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

In this instance, Defendants attack the factual basis for jurisdiction. Specifically, Defendants argue that this Court no longer has jurisdiction to entertain Plaintiffs' claims

3

against Defendants because Defendants now have voluntarily complied with the terms of the Agreement by selling their business to a third party and agreeing to allow Plaintiffs to enter into the three disputed markets (i.e., Phoenix, Houston and Atlanta) pursuant to the Agreement.

## III. ANALYSIS

Defendants' argument that Plaintiffs' claims are moot is not well-taken. Under Article III, Section 2, of the United States Constitution, federal courts only may adjudicate actual ongoing cases or controversies. Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004) (*citing Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties. *Coalition for Gov't Procurement v. Fed. Prison Indus.*, 365 F.3d 435, 458 (6th Cir. 2004) (internal citations omitted). "Completion of activity is not the hallmark of mootness. Rather, a case is moot only where no effective relief for the alleged violation can be given." *Id.* A defendant's "voluntary cessation of a challenged practice" does not moot a case. *Ammex, Inc. v. Cox*, 351 F.3d 697, 704 (6th Cir. 2003) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)); *see also League of Women Voters*, 548 F.3d at 473. "Rather, voluntary conduct moots a case only in the rare instance where 'subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *League of Women Voters*, 548 F.3d at 473 (quoting *Akers v. McGinnis*, 352 F.3d 1030, 1035 (6th Cir. 2003)). "What is more, the party asserting mootness bears

the 'heavy burden of persuading' the court that the challenged conduct cannot reasonably be expected to start up again." *Id.* (quoting *Akers*, 352 F.3d at 1035) (additional internal quotations omitted).

Defendants here set forth evidence indicating that they have pulled out of the three disputed markets (i.e., Houston, Phoenix or Atlanta). They further set forth evidence that indicates they acquiesce to allowing Plaintiffs into those markets pursuant to the terms of the Agreement. However, that voluntarily cessation of activity and purported attempt to comply with the Agreement's terms alone does not suffice to moot this case. Not only is there additional relief sought by Plaintiffs that plausibly still could be awarded, it also is not unlikely given the contentious history of the parties and the antagonistic nature of this lawsuit, that the cessation of activity will not survive the end of this lawsuit without a final order of this Court. The evidence presented by Defendants does not persuade the Court otherwise. Accordingly, the Court finds that Plaintiffs' claims are not moot, and therefore, denies Defendants' motion to dismiss on the basis of mootness.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

s/ Michael R. Barrett  
Michael R. Barrett, Judge  
United States District Court