UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

APEX ENERGY GROUP, LLC, et al.,            Case No: 1:12-cv-466

       Plaintiffs,                                 Judge Michael R. Barrett

v.

APEX ENERGY SOLUTIONS OF
CINCINNATI LLC, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs and Third Party Defendants' (collectively referred to herein as "Plaintiffs") Motion for Partial Summary Judgment (Doc. 32). Defendants/Third Party Plaintiffs/Counterclaimants (collectively referred to herein as "Defendants") have filed an opposition (Doc. 52), and Plaintiffs have filed a reply (Doc. 59). This matter is now ripe for review.

### I.     BACKGROUND

As the Court is well-advised of the facts of this case, and has previously set forth many of the facts in its order granting the Preliminary Injunction (Doc. 25), it will provide only a brief recitation of the most relevant facts here.

The parties previously were in business together, have separated, and now are bound by an Amended and Restated Agreement of Reorganization (the "Agreement") (Doc. 22, pp. 6, 51; Plaintiffs' Exhibit 3 to the July 19-20, 2012 Hearing ("Pls. Hearing Ex.")), which is the Agreement at issue in this lawsuit. The Agreement provides, among other things, for a detailed system for developing business in new markets to the exclusion of the other party. (Pls. Ex. 3, pp. 2-3). One of the requirements in the

1

Agreement is a "4 Month Notice." (Pls. Hearing Ex. 3, pp. 2-3). The 4 Month Notice is a notice that is to be provided "[w]ithin five days after the 4 Month Date" on which the new market was designated by the party. (Pls. Hearing Ex. 3, p. 3). The 4 Month Notice is to be provided by certified mail to the principal address of the other party. (Pls. Hearing Ex. 3, p. 3). The date of the 4 Month Notice is to be "deemed the date of receipt by the Other Party, as evidenced by the delivery receipt." (Pls. Hearing Ex. 3, p. 3). If a 4 Month Notice is not delivered within five days after the 4 Month date, it "shall be deemed a failure by the Developing Party to satisfy" the conditions for the designated market, and that market can then be developed by the other party. (Pls. Hearing Ex. 3, p. 3). The party that failed to send the 4 Month Notice timely may not provide a Development Notice for that market for a period of 12 months after the 4 Month Date. (Pls. Hearing Ex. 3, p. 3).

On November 15, 2011, Defendants notified Plaintiffs that they were designating the Phoenix and Houston markets as New Markets for the Agreement, with the 4 Month Notice being due five days after March 15, 2011. (Pls. Hearing Ex. 4). That same notice was provided by the Defendants to Plaintiffs for the Atlanta market on December 5, 2011, with the 4 Month Notice being due five days after April 5, 2011. (Pls. Hearing Ex. 5). Thereafter, the 4 Month Date for all three markets passed without Plaintiffs receiving the requisite 4 Month Notices by certified mail or otherwise. (Doc. 21, pp. 15, 17-18; Doc. 22, pp. 12-13, 39; Pls. Hearing Ex. 1). On May 7, 2012, Plaintiffs notified Defendants of their understanding that Defendants had failed to timely provide 4 Month Notices in accordance with the Agreements. (Pls. Hearing Ex. 6). On May 29, 2012, counsel for Defendants responded to Plaintiffs and attached correspondence purported

2

to have been sent on March 16, 2012 in satisfaction of the Agreement. (Pls. Hearing Ex. 2). That correspondence was not on letterhead and it did not indicate that it had been sent by certified mail. (*See* Pls. Hearing Ex. 2). Defendants have not set forth any evidence indicating it was sent by certified mail. (*See* Doc. 22, p. 61; *see also* 52).

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if its resolution affects the outcome of the suit. *Id.*

On summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 474 U.S. 574, 587 (1986). The moving party as the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Once the moving party has met its burden of production, the nonmoving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 24-49. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an

element essential of that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III.   ANALYSIS

Plaintiffs seek summary judgment on (1) Defendants' liability for breach of contract and on the issuance of a permanent injunction; (2) Plaintiff's claim for declaratory relief; and (3) on all counterclaims and third-party claims of Defendants. (Doc. 32).  Plaintiffs seek summary judgment on all of these issues on the basis that Defendants have failed to show a genuine issue of material fact on whether they sent the 4 Month Notice for the three cities as required by the Agreement.  (Doc. 32). Plaintiffs also request the entry of a permanent injunction based on their success on the merits.  (Doc. 32).  Defendants oppose the Plaintiffs' arguments on the grounds that the motion for summary judgment is premature, the dispute is moot because McCain pulled out of the disputed markets, and Plaintiffs should not be given a permanent injunction because the Agreement provides Plaintiffs with only twelve months to enter the market before Defendants can reenter.  (Doc. 52).

The Court will address the issues in the following order:  (A) whether the motion is premature; (B) whether the motion is moot; (C) whether Plaintiffs have proven their breach of contract claim; (D) whether a permanent injunction is warranted; (E) whether Plaintiffs have proved their claim for declaratory relief; and (F) whether Plaintiffs have proved that Defendants' counterclaims should be dismissed.

### A.   Premature Motion

Defendants' argument that Plaintiffs' motion is premature is not well-taken for three reasons.  First, pursuant to Federal Rule of Civil Procedure 56(b), "a party may file

4

a motion for summary judgment <u>at any time until 30 days after the close of discovery</u>." (emphasis added). Plaintiffs therefore are not required to wait until discovery is underway, or completed, to file a motion for summary judgment. Plaintiffs' motion was properly filed in accordance with Rule 56(b).

Second, pursuant to Rule 56(c), a party may support a motion for summary judgment by citing to particular parts of materials in the record or by showing that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). This is in accord with Local Rule 7.2(d), which notes that a motion only needs attachments "when proof of facts not already of record [are] necessary to support or oppose a motion." S.D. Civ. R. 7.2(d). Accordingly, Plaintiffs' lack of supporting affidavits does not make summary judgment inappropriate or premature. Indeed, Plaintiffs cite to the testimonies of various witnesses for Defendants and Plaintiffs that were given under oath before this Court, and to documents used and relied upon by both parties during the preliminary injunction hearing. Such evidence is appropriately considered on a motion for summary judgment.

Third, although Defendants do not expressly refer to Rule 56(d), we find that any attempt by Defendants to invoke that rule to postpone a ruling on summary judgment until further discovery must fail. Rule 56(d) provides:

> WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify the opposition, the court may:
>
> (1) defer consider the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

5

Fed. R. Civ. P. 56(d). Here, Defendants have not complied with the Rule. They have not submitted affidavits or declarations explaining their reasons for needing additional time for discovery. Nor have they specified any reasons as to why they would need such discovery. Accordingly, we will not postpone consideration of the motion for summary judgment on that basis.

### B. Mootness

Defendants' argument that Plaintiffs' motion is moot also is not well-taken. Under Article III, Section 2, of the United States Constitution, federal courts only may adjudicate actual ongoing cases or controversies. Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004) (*citing Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Coalition for Gov't Procurement v. Fed. Prison Indus.*, 365 F.3d 435, 458 (6th Cir. 2004) (internal citations omitted). "Completion of activity is not the hallmark of mootness. Rather, a case is moot only where no effective relief for the alleged violation can be given." *Id*. A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case. *Friends of the Earth, Inc. v. Laidlaw Env'tl Servs.*, 528 U.S. 167, 174, 120 S. Ct. 693 (2000).

Defendants here set forth evidence indicating that they have pulled out of the three disputed markets (i.e., Houston, Phoenix or Atlanta). They further set forth evidence that indicates they acquiesce to allowing Plaintiffs into those markets pursuant to the terms of the Agreement. However, that voluntarily cessation of activity and

6

purported attempt to comply with the Agreement's terms alone does not suffice to moot this case. Not only is there additional relief sought by Plaintiffs that plausibly still could be given to them, it also is not unlikely given the contentious history of the parties and the antagonistic nature of this lawsuit, that the cessation of activity will not survive the end of this lawsuit without a final order of this Court. The evidence presented by Defendants does not persuade the Court otherwise. Accordingly, the Court finds that Plaintiffs' claims are not moot, and therefore, denies Defendants' motion to dismiss on the basis of mootness.

### C. Breach of Contract

Pursuant to paragraph 4(c) of the Agreement, the Agreement is to be enforced in accordance with the laws of Ohio. (Doc. 2, Ex. A). To prove a breach of contract under Ohio law, the following elements must be established: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. *Samadder v. DMF of Ohio, Inc.*, 154 Ohio App. 3d 770, 778, 798 N.E.2d 1141, 1147 (Ohio App. 2003). There is no argument, and thus, no dispute, with respect to the first, second and fourth elements. As such, this analysis focuses only on the third element.

Under the Agreement, Defendants were to provide a 4 Month Notice within 4 months plus five days of the designation of the markets. Although Defendants have set forth a letter dated March 16, 2012 that they contend is the 4 Month Notice and McCain testified that it was timely mailed, no credibility determination is necessary as the Agreement specifically mandates that the notice be sent by certified mail and evidenced by the certified mail delivery receipt. Defendants have not produced any evidence that

7

demonstrates that the 4 Month Notice was sent by certified mail and they have not produced evidence of a certified mail delivery receipt for that letter. As such, there is no genuine issue of material fact left to be resolved. The evidence demonstrates that Defendants failed to timely and properly send the 4 Month Notice to Plaintiffs for the three disputed markets (i.e., Phoenix, Houston and Atlanta), but nevertheless, continued to operate, and attempted to exclude, Plaintiffs from the three markets in breach of the terms of the Agreement. Accordingly, summary judgment is granted to Plaintiffs on their breach of contract claim against Defendants.

### D. **Permanent Injunction**

Plaintiffs request the entry of a permanent injunction given its actual success on the merits of its breach of contract claim. The standard for granting permanent injunctions is similar to the familiar standard for the issuance of a preliminary injunction. *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 445 (6th Cir. 2010) (quoting *Amoco Prod. Co. v. Vill. of Gambell,* 480 U.S. 531, 546 n.12, 107 S. Ct. 1396 (1987)). The party seeking relief must demonstrate the following: (1) the movant's actual success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the issuance of an injunction would cause substantial harm to others; and (4) the public interest would be served by the issuance of the injunction. *Chabad of S. Ohio v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997)).

Here, we find that Plaintiffs are entitled to a permanent injunction. As explained above, Plaintiffs have proved actual success on the merits of their breach of contract claim. As such, the first factor weighs in favor of Plaintiffs.

Next, the Court considers whether the injunction will prevent irreparable injury. We find it will. As explained in the September 17, 2012 Order granting the preliminary injunction (Doc. 25), while most cases ultimately are about money, Plaintiffs have proved irreparable injury in the form of improper loss of market share in competing markets. Specifically, they have set forth evidence that shows that they are entitled to operate in the contested markets and had licensees ready to commence operations there. (*See* Pls. Hearing Exs. 9, 10). Moreover, given the contentious nature of the relationship of the parties, an injunction will provide assurance that further irreparable injury will not occur as a result of the same breach at issue here. Accordingly, the second factor weighs in favor of Plaintiffs.

As for the third factor, we do not find that it will cause substantial harm to others. While in issuing the preliminary injunction, we noted that the injunction would affect third parties who are used to implement the production of sales and designated market, that concern no longer exists, as McCain has sold his business to a third party, such that those individuals still may continue to operate albeit in conjunction with a different company under different ownership. This factor therefore weighs in favor of Plaintiffs.

Finally, the fourth factor of whether the public interest will be served also weighs in favor of Plaintiffs. The public interest is served by enforcing valid and unambiguous contracts.

Given that all four factors for issuing a permanent injunction weigh in favor of Plaintiffs, we find that a permanent injunction is warranted here. While we note the concern of Defendants as to the use of the term "permanent," that term as used here is not used in the same manner in which the parties have used it in their Agreement.

9

Here, a permanent injunction does not prevent Defendants from ever entering into the disputed markets. Rather, it enjoins Defendants from entering into the three disputed markets (Phoenix, Houston and Atlanta), and from attempting to exclude Plaintiffs from the three disputed markets, in violation of the Agreement. In other words, the permanent injunction enforces the terms of the Agreement whereby the three disputed markets are re-designated as "Markets to be Developed" and Defendants are prohibited from providing a Development Notice for those three disputed markets (Phoenix, Houston and Atlanta) for a period of 12 months. (*See* Pls. Ex. 3, p. 3).

### E. Declaratory Relief

Plaintiffs seek declaratory relief under Ohio Rev. Code § 2721.02, et seq., the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57. (Doc. 32, p. 5). Ohio law provides, in pertinent part:

> courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for under this chapter. The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree.

Ohio Rev. Code 2721.02(a). Similarly, the federal Declaratory Judgment Act provides, in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. A declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57.

Here, the undisputed evidence demonstrates that Defendants have failed to perform pursuant to the Agreement and are in breach thereof. Defendants have not set forth any argument specifically opposing the entry of a declaratory judgment. The Court therefore finds that Plaintiffs are entitled to a declaratory judgment as to the rights of the parties under the Agreement with respect to the Phoenix, Houston and Atlanta markets. Accordingly, it is declared that (1) Defendants have failed to satisfy the Designated Market Conditions for the disputed markets of Phoenix, Houston and Atlanta, (2) the disputed markets of Phoenix, Houston and Atlanta have been re-designated as Markets to be Developed, and (3) the terms of the Agreement prohibit Defendants from providing a Development Notice for those three markets for 12 months after the 4 Month Date.

**F. <u>Counterclaims of Defendants</u>**

Defendants have asserted the following counterclaims in their Answer/Third Party Complaint: (1) breach of contract by Plaintiffs; (2) declaratory judgment; (3) tortious interference with a business relationship; and (4) unjust enrichment. (Doc. 13). All of those counterclaims are based on whether Plaintiffs were permitted under the terms of the Agreement to enter into the three disputed markets (Phoenix, Houston and Atlanta). Plaintiffs have moved for summary judgment on all four counterclaims.

The only argument made in opposition to dismissal of the counterclaims is that Plaintiffs' motion is premature. However, for the reasons set forth above, the Court disagrees that the motion is premature. Given that Plaintiffs have not set forth any evidence opposing the motion which may create a genuine issue of material fact, the Court finds the facts undisputed pursuant to Fed. R. Civ. P. 56(e). Accordingly, in light of the undisputed fact and the analysis set forth above for Plaintiffs' breach of contract

11

claim, the Court grants summary judgment to Plaintiffs on each of Defendants' counterclaims.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial summary judgment (Doc. 32) is **GRANTED**.

**IT IS SO ORDERED.**

                                                                                     s/ Michael R. Barrett
                                                                                     Michael R. Barrett, Judge
                                                                                     United States District Court