UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

APEX ENERGY GROUP, LLC, et al.,            Case No: 1:12-cv-466

        Plaintiffs,            Judge Michael R. Barrett

v.

APEX ENERGY SOLUTIONS OF
CINCINNATI LLC, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on The Foit Group's Motion for Summary Judgment on Defendants' Supplemental Counterclaims. (Doc. 114). The McCain Group has filed an untimely response in opposition. (Doc. 117). The Foit Group has filed a reply. (Doc. 122).

### I.    BACKGROUND

On numerous occasions, the Court has set forth the relevant factual background of this case. It need not be repeated again here. Suffice it to say that there are two supplemental counterclaims of the McCain Group that remain pending: (1) Count II of Defendants' First Supplemental Counterclaims as to the request for declaratory relief in the abandonment claim (Doc. 30), and (2) Count II of Defendants' Second Supplemental Counterclaims as to the request for declaratory relief concerning whether The Foit Group satisfied the 4 Month Notice requirement for the Cleveland, Houston, Atlanta and Phoenix markets (Doc. 44).

The Foit Group has moved for summary judgment on both counterclaims. The McCain Group opposes summary judgment on the basis that it needs, and believed it

had been granted, an opportunity to take limited discovery.  The Foit Group disagrees and argues that summary judgment is appropriate.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" only if its resolution affects the outcome of the suit.  *Id.*

On summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 474 U.S. 574, 587 (1986).  The moving party as the burden of showing an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden of production, the nonmoving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment.  *Anderson*, 477 U.S. at 24-49.  "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."  *Id.* at 252.  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential of that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

II.     **ANALYSIS**

    1.  **Abandonment Counterclaim**

The Court has permitted The McCain Group to take limited discovery on this issue.  The Court further had advised the parties in informal conferences to submit a proposed calendar providing a discovery cutoff date, which has not yet been tendered to the Court.  Thus, until the limited discovery is complete, the Court will not consider the motion for summary judgment.  As such, the motion for summary judgment on this basis is denied subject to re-filing following the close of discovery.

    2.  **4 Month Notice Counterclaim**

Count II of The McCain Group's Second Supplemental Counterclaim (Doc. 44) requests declaratory relief about the 4 Month Notices for the Cleveland, Houston, Atlanta and Phoenix markets.  The Court finds it appropriately to address the counterclaim separately as it relates to (1) Cleveland and (2) Houston, Atlanta and Phoenix.

    a.  **Cleveland**

In the Supplemental Counterclaims, The McCain Group contends that The Foit Group had up to and including July 31, 2012 to meet its financial obligations and send its 4 Month Notice for the Cleveland, Ohio market, and it failed to do so.  (Doc. 44, ¶¶ 14, 16, 23-28).  The Foit Group concedes that it has not sent a notice satisfying the Designated Market Requirements for the Cleveland, Ohio Market.  (Doc. 113, ¶14; Doc. 114, p. 5).  The Foit Group therefore agrees with The McCain Group that the Cleveland, Ohio market has become a Market to be Developed, as that term is defined in the Amended and Restated Reorganization Agreement.  The McCain Group has not

provided a response. Thus, in light of the concession, and given the Court's thorough understanding of the Reorganization Agreement, no discovery on this claim is necessary and the Court may provide The McCain Group the declaratory relief it requested because there are no remaining genuine issues of material fact.[1]

Under the Reorganization Agreement, the 4 Month Notice is a notice that is to be provided within five days after the 4 Month Date on which the new market was designated by the party. The 4 Month Notice is to be provided by certified mail to the principal address of the other party. The date of the 4 Month Notice is to be deemed the date of receipt by the Other Party, as evidenced by the delivery receipt. If a 4 Month Notice is not delivered within five days after the 4 Month date, it shall be deemed a failure by the Developing Party to satisfy the conditions for the designated market, and that market can then be developed by the other party. The party that failed to send the 4 Month Notice timely may not provide a Development Notice for that market for a period of 12 months after the 4 Month Date.

Applying the terms of the Reorganization Agreement to the Cleveland, Ohio market, the Cleveland, Ohio market became a Market to be Developed after the failure by The Foit Group to provide the required 4 Month Notice on July 31, 2012. The Foit Group thus was prohibited from providing a Development Notice for the Cleveland, Ohio market for the twelve month period after July 31, 2012. In other words, The Foit Group was precluded from providing a Development Notice for the Cleveland, Ohio market up through July 31, 2013.

### b. Houston, Atlanta and Phoenix

---

[1] The Court notes that The Foit Group filed a notice of an offer of judgment under Rule 68 that was made to The McCain Group. There has been no indication to this Court that the offer of judgment has been accepted by The McCain Group.

The McCain Group alleges that The Foit Group did not send a 4 Month Notice for Houston, Atlanta, and Phoenix within the four months after the May 7, 2012 letter to The McCain Group (the "May Letter").  As the Court's prior Opinion and Order explained, the May Letter is not a development notice.  (*See* Doc. 97, p. 17).  Since that May Letter is not a Development Notice, no 4 Month Notice obligations arose under the Amended and Restated Reorganization Agreement with respect to the Houston, Atlanta, and Phoenix markets.  (Doc. 44, ¶¶15-17, 23-28).  As such, The Foit Group could not have failed to meet a 4 Month Notice obligation where no 4 Month Notice obligation arose from the May Letter.  The McCain Group has provided no explanation as to why further discovery would be necessary on this counterclaim given the Court's prior findings.  Accordingly, the Court finds are no genuine issues of material fact that preclude summary judgment, and The McCain Group's counterclaim for declaratory relief concerning The Foit Group's failure to satisfy the 4 Month Notice for Houston, Phoenix and Atlanta in Count II of its Second Supplemental Counterclaims is hereby dismissed.[2]

### III.  CONCLUSION

For the foregoing reasons, The Foit Group's Motion for Summary Judgment on Defendants' Supplemental Counterclaims (Doc. 114) is **GRANTED IN PART** and **DENIED IN PART**.  It is **ORDERED** that:

(1) The Foit Group's motion for summary judgment on Count II of The McCain Group's First Supplemental Counterclaims as to the request for declaratory relief on the abandonment claim (Doc. 30) is DENIED SUBJECT TO RE-FILING after the close of discovery.

(2) The Foit Group's motion for summary judgment on Count II of The McCain Group's Second Supplemental Counterclaims as to the 4 Month Notice

---

[2] The Court notes, however, that it does not opine on whether a proper Development Notice was subsequently sent or whether the requirements stemming from that Development Notice were satisfied, as that is beyond the scope of the supplemental counterclaim.

      requirements for the Houston, Atlanta and Phoenix markets is GRANTED, and, on that ground, the counterclaim is hereby DISMISSED WITH PREJUDICE.

(3)    On Count II of Defendants' Second Supplemental Counterclaims as to the request for declaratory relief concerning whether The Foit Group satisfied the 4 Month Notice requirement for the Cleveland, Ohio market, the Court declares in favor of The McCain Group per the agreement by The Foit Group that:

    (a)    The Cleveland, Ohio market became a Market to be Developed pursuant to the terms of the Reorganization Agreement; and

    (b)    Pursuant to the Reorganization Agreement, The Foit Group was precluded from issuing a Development Notice for the Cleveland, Ohio market up through July 31, 2013, which is twelve months after the 4 Month Date.

**IT IS SO ORDERED.**

                                              <u>s/ Michael R. Barrett</u>
                                              Michael R. Barrett, Judge
                                              United States District Court